Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT BORGEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE,<br><br>　　　　　　　Defendant. | <br><br><br><br><br><br><br><br>Case No. 3:05-cv-0056-JWS |

## DEFENDANT'S OPPOSITION TO MOTION TO REMAND

In March 2005, Defendant United Parcel Service ("UPS") removed this case to federal court based upon both federal question and diversity jurisdiction. On August 9, 2005, the court granted partial summary judgment to the defendant, dismissing all federal claims and leaving only state law claims.  Plaintiff, Robert Borgen, has moved to remand.  Borgen contends that (1) because no federal claims remain, the court has been divested of federal question jurisdiction, and (2) because the matter in controversy has now dropped below the $75,000 statutory limit, the court has been divested of diversity jurisdiction.  Borgen is incorrect on

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION
TO MOTION TO REMAND　　　　　　　- 1 -　　　　　　　[00895-1012/AA060530.011]

both points.

Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal. <u>Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing <u>Pfeiffer v. Hartford Fire Ins. Co.</u>, 929 F.2d 1484, 1488 (10th Cir. 1991). In <u>Sparta Surgical</u>, the plaintiff contended that an amended complaint it filed after removal, from which it removed most references to its federal claims, effectively eliminated the federal question upon which removal was based. <u>Id</u>. Reasoning that the existence of federal question jurisdiction is normally determined on the face of the complaint, the court held that a "plaintiff may not compel remand by amending a complaint to eliminate the federal question." <u>Id</u>. at 1211, 1213. Interpreting <u>Sparta Surgical</u>, the Alaska District Court has held that pleadings filed subsequent to removal are not to be considered and that, "once the court has subject matter jurisdiction, it 'may not be divested by subsequent events.'" <u>Pattee v. American States Ins. Co.</u>, 2003 WL 24085348, *2 (D. Alaska 2003) (unpublished disposition) (citing <u>Sparta Surgical</u>, 159 F.3d at 1213 and <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428 (1991) (internal citations omitted)). In this case, the pleadings alleged both federal and state law claims at the time of removal. The August 9, 2005 grant of summary judgment on the federal claims to UPS, a "subsequent event," does not operate to divest the court of jurisdiction.

Additionally, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. §1332(a)(1). Once a district court's jurisdiction is established, subsequent events

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION
TO MOTION TO REMAND - 2 - [00895-1012/AA060530.011]

that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit [for diversity jurisdiction] do not oust jurisdiction."); see also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); Grinnell Mutual Reinsurance Co. v. Shierk, 121 F.3d 1114, 1116 (7th Cir. 1997); and American Dental Industries, Inc. v. EAX Worldwide, Inc., 228 F.Supp.2d 1155, 1157 (D. Oregon 2002) ("jurisdiction attaches at the time of removal, and subsequent events cannot deprive the court of jurisdiction").

The Fifth Circuit has held that a court may consider post-removal affidavits when determining the amount in controversy at the time of removal if the basis for jurisdiction is ambiguous at the time of removal. Gebbia, 233 F.3d at 883 (citations omitted). Borgen cannot rely on this argument because he has implicitly admitted that the amount in controversy at the time of removal exceeded the statutory limit. See Motion for Remand and Memorandum of Points and Authorities in Support, 2 ("no basis for federal diversity jurisdiction … exists *any longer* in this case.") (emphasis added). Moreover, if it was facially apparent from the petition that the amount in controversy exceeded $75,000 at the time of removal, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia, 233 F.3d at 883 (citing St. Paul Mercury Indem., 303 U.S. at 292).

At the time of removal, the Plaintiff's complaint presented questions of federal law and the matter in controversy exceeded the $75,000 statutory limit. It

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION
TO MOTION TO REMAND — 3 —   [00895-1012/AA060530.011]

is uncontested that removal of the case was appropriate at that time.  For the foregoing reasons, the Plaintiff's motion to remand should be denied.

DATED: February 23, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant

By s/_____
Thomas M. Daniel
Alaska Bar No. 8601003

1029 West Third Ave., Suite 300
Anchorage, Alaska  99501
907/279-8561/907-276-3108 (fax)
tdaniel@perkinscoie.com

I hereby certify that a true and correct copy of the foregoing is being served electronically on Dennis Acker, 329 F Street, Suite 200, Anchorage, Alaska 99501 this 23rd day of February, 2006.
s/_____
Tom Daniel

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION
TO MOTION TO REMAND                - 4 -                [00895-1012/AA060530.011]