Dennis Acker, Esq. Bar No. 9911055
ACKER & ASSOCIATES
329 F. Street, Suite 220
Anchorage, AK 99501
(907) 222-2885
Fax (907) 222-2889

Attorneys for Plaintiff
Robert Borgen

RECEIVED MAR 0 6 2006 CLERK U.S. DISTRICT COURT ANCHORAGE, ALASKA

# UNITED STATES DISTRICT COURT FOR THE District ~~STATE~~ OF ALASKA

| | |
|---|---|
| ROBERT BORGEN, Individually, | Case No.: A05-56 CV (JWS) |
| Plaintiff, | REPLY IN SUPPORT OF MOTION FOR REMAND |
| vs. | |
| UNITED PARCEL SERVICE, a foreign corporation. | |
| Defendants. | |

COMES NOW Plaintiff Robert Borgen, by and through his counsel of record, Dennis R. Acker, Esq. respectfully files this Reply in Support of the Motion For Remand.

MEMORANDUM OF POINTS AND AUTHORITES

**I.    The Original Complaint Does Not Confer Diversity Jurisdiction**

This case was originally filed on February 25, 2005 in the Superior Court of the State of Alaska Third Judicial District in Anchorage. The complaint governs the amount in controversy. Gaus v. Miles, Inc. 980 F.2d 564,566 (9th Cir. 1992). The complaint originally sought "damages in excess of $50,000 (the jurisdictional limit of the Alaska Superior Court). See Exhibit 1. The

Reply in Support of Plaintiff's Motion for Remand
Borgen v. UPS et al.
Page 1

1  plaintiff never asserted an amount in controversy over $75,000 in the complaint. When the
2  amount in controversy is ambiguous on the face of the complaint, courts may consider post-
3  removal evidence in determining whether the requisite amount is in controversy. Singer v. State
4  Farm Mut. Auto Ins. 116 F. 3d 373, 377 (9th Cir. 1997); Williams v. Best Buy Co. Inc., 269
5  F.3d 1316,1319-20 (11th Cir. 2001). Courts may consider post-removal evidence if the
6  pleadings and pre-removal record are insufficient to determine the amount in controversy with
7  certainty. Allen v. Rt. A Oil & Gas Co., 63 F.3d 1326, 1335-56 (5th Cir. 1995)(appellate court
8  remanded case to trial court for findings on the amount in controversy).
9      Defendants cite to St. Paul Mercury Indemnity Co v. Red Cab Co., 303 US 283, 290-294
10 (1938) holding that a post-removal stipulation lowering the amount in controversy doesn't
11 deprive the court of jurisdiction. However, 28 USC Section 1447(c) was amended in 1988 to
12 require remand whenever the amount in controversy fell below the jurisdictional amount.
13 Several courts since the 1988 amendments have held that a stipulation or affidavit filed post-
14 removal limiting the amount in controversy ousts federal jurisdiction. Adkins v. Gibson, 906
15 F.Supp 345, 347-48 (S.D. Va. 1995); Moss v. Voyager Ins. Co. 43 F.Supp 2d 1298, 1302 (M.D.
16 Ala. 1999); Bailey v. Wal-Mart Stores, Inc. 981 F. Supp 1414, 1415 (N. D. Ala. 1997). These
17 courts have held that the word "shall" in the 1988 amendments to 28 USC 1447(c) requires
18 remand if the plaintiff reduces his demand to below the jurisdictional requirement by stipulation
19 or affidavit. Oder v. Buckeye State Mut. Ins. 817 F. Supp 1413, 1414 (S. D. Ind. 1992).
20     Filed concurrently with the motion is an affidavit of Plaintiff Robert Borgen. After
21 conducting research into his total damages, he has concluded that his total damages in this case
22 do not exceed $75,000 exclusive of interest and costs. His affidavit relates that he has not
23 suffered and he is not seeking in excess of $75,000 in this case. This affidavit was filed after an
24 exhaustive analysis of his pension funds available to him at the time of his discharge as well as a
25 medical analysis of his PTSD and the percentage of damage caused by his UPS job

Reply in Support of Plaintiff's Motion for Remand
Borgen v. UPS et al.
Page 2

1  discrimination and that caused by his Vietnam War service. These are difficult factors to

2  measure by anyone's standards. Some of these issues were resolved through the pursuit of

3  social security disability. See Exhibits 2 and 3. These issues were partially resolved by the

4  Social Security Administration after the filing of the original complaint in this case, but applied

5  damages and benefits retroactively to a time prior to the filing of the complaint. The Social

6  Security Notice of Decision shows that Mr. Borgen had not suffered more than $75,000 in

7  damages at the time of the complaint. This court should take into account the complexity of the

8  damages determination both at the time of filing of the original complaint and at present and

9  should consider post-removal evidence of damages on this motion.

10  Upon consideration of all facts and the affidavit of Mr. Borgen, the court has no basis for

11  federal diversity jurisdiction exists pursuant to 28 USCA Sec. 1332. Where no federal

12  jurisdiction exists, plaintiff has the right to remand to state court. 28 USCA Sec. 1448.

13  II. <u>When Federal Questions Are Raised Originally in the Complaint but are dismissed,</u>

14  <u>the Court Should Remand the Case to State Court.</u>

15  The remaining question is whether federal jurisdiction should be retained in a federal

16  question case where all federal claims have been dismissed. The federal courts generally retain

17  supplemental jurisdiction if a court dismisses federal claims post-removal. <u>Versicherungs A. G.</u>

18  <u>v. Schenker Int'l, Inc.</u> 344 F. 3d 931, 935-37 (9th Cir. 2003). However, supplemental

19  jurisdiction remains subject to the discretionary provision for remand. Id. at 935-37. (9th Cir.

20  2003)(federal courts may decline supplemental jurisdiction and ordinarily should after dismissal

21  of the federal claims). Pursuant to 28 USC 1367 (c)(3), a district court may decline to exercise

22  jurisdiction when the district court has dismissed all claims over which it has jurisdiction. In

23  fact, it may be an abuse of discretion to retain jurisdiction if federal claims are dropped out early

24  in the litigation and state claims and state issues predominate. <u>Carnegie –Mellon Univ. v.</u>

25  <u>Cohill</u>, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L.Ed. 2d 720 (1988). For instance in <u>Robertson v.</u>

Reply in Support of Plaintiff's Motion for Remand
<u>Borgen v. UPS et al.</u>
Page 3

Neuromedical Ctr.) 161 F.3d 292, 296 (5th Cir. 1998), *cert denied* 526 U.S. 1098 (1999), the Fifth Circuit held that the district court abused its discretion in not remanding the case to state court after dismissing all federal claims prior to trial. The usual course is to remand when the federal court dismisses all federal claims absent countervailing considerations. Payne v. Churchich, 161 F.3d 1030, 1043 (7th Cir. 1998) cert. denied 527 U. S. 1004 (1999). In this case, only state law issues remain as they pertain to a state statute on discrimination. No federal claims or issues are present. Therefore, remand is proper.

Wherefore, Plaintiff Robert Borgen respectfully requests that this court remand this case to state court for adjudication.

DATED this 5th day of March, 2006.

RESPECTFULLY submitted,

Dennis R. Acker, Esq.
Bar No. 9911055
Acker & Associates
329 F. Street, Suite 220
Anchorage, AK 99515
(907) 222-2885

CERTIFICATE OF SERVICE

I Dennis R. Acker, certify that on February 8th 2006 the above document was served upon the person listed below by depositing this document in the U.S. Mail to the following address.

Tom Daniels, Esq.
Perkins Coie, LLP
1029 W. Third Ave. Suite 300,
Anchorage, AK 99501

Reply in Support of Plaintiff's Motion for Remand
Borgen v. UPS et al.
Page 4