**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
Seattle Hearing Office
Suite 500
2201 Sixth Ave
Seattle, WA 98121

RECEIVED
MAR 0 6 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Date:   APR 3 0 2005

Robert R Borgen
6930 Sherwood Ave
Anchorage, AK 99504

### NOTICE OF DECISION -- FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

See Next Page

PLAINTIFF
EXHIBIT NO. 2
ADMITTED, ☐
AOS-SleCvllw5
(CASE NUMBER)

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits as of the established onset date.

2. The claimant has not engaged in substantial gainful activity since February 27, 2003.

See Next Page

3. The medical evidence establishes that the claimant has the following "severe" impairment: posttraumatic stress disorder and regular marijuana abuse.

4. The severity of the claimant's impairment meets the requirements of section 12.06, Appendix 1, Subpart P, Regulations No. 4 and is expected to preclude him from working for at least 12 continuous months.

5. The claimant's substance abuse disorder is not a factor material to the finding of disability. Payments to the claimant may be made through a representative payee if the claimant is determined to be incapable of managing his funds.

6. The claimant has been under a disability, as defined in the Social Security Act, since February 27, 2003 (20 CFR §§404.1520(d) and 416.920(d)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on March 1, 2004, the claimant is entitled to a period of disability commencing February 27, 2003 and to Disability Insurance Benefits under sections 216(i) and 223, respectively, of the Social Security Act.

It is the further decision of the Administrative Law Judge that, based on the application filed on February 20, 2004, the claimant was disabled under section 1614(a)(3)(A) of the Social Security Act, beginning February 27, 2003, and that the claimant's disability has continued at least through the date of this decision.

The component of the Social Security Administration responsible for authorizing Supplemental Security Income payments will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and the months for which payment will be made.

Because the claimant suffers from a drug addiction/alcoholism condition as defined in Public Law 104-121, the component responsible for effectuating this decision must determine if appointment of a representative payee is warranted.

_____
Arnold Battise
Administrative Law Judge
APR 3 0 2005
Date