UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT BORGEN, | ) |
| Plaintiff, | ) 3:05-cv-00056 JWS |
| vs. | ) ORDER FROM CHAMBERS |
| UNITED PARCEL SERVICE, | ) [Re: Motion at Docket 19] |
| Defendant. | ) |

## I. MOTION PRESENTED

At docket 19, Robert Borgen moves to remand this case to state court. At docket 25, United Parcel Service ("UPS") opposes Borgen's motion. At docket 26, Borgen has filed a reply in support of his motion. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

Borgen filed a complaint against UPS in Alaska state court in February of 2005 and UPS timely removed the case to this court in March of 2005. Borgen's complaint pleaded five counts against UPS, but after UPS removed the case to this court, the court entered summary judgment on four of the five counts. Now, Borgen argues the case must be remanded to state court on the ground neither diversity nor federal question jurisdiction exists.

### III. DISCUSSION

Although diversity jurisdiction depends on the parties' citizenship and the amount in controversy, only the amount in controversy is at issue here. The amount in controversy is determined by looking to the complaint[1] at the time of removal,[2] but if it is unclear from the complaint, then UPS bears the burden of proving it meets the jurisdictional requirement under 28 U.S.C. § 1332(a).[3] Here, it is clear from Borgen's complaint at the time of removal the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus meets the jurisdictional requirement. He seeks, among other relief, $50,000 for economic damages, $50,000 for non-economic damages and $500,000 for punitive damages[4] for a total of at least $600,000 in controversy.[5] It does not matter that neither his economic nor his non-economic damages claim exceeds $75,000 because his punitive damages claim exceeds that amount and even if it did not, the aggregate of the three claims would exceed $75,000.[6]

Borgen asserts his damages no longer exceed $75,000. He argues this alleged fact deprives the court of diversity jurisdiction, citing 28 U.S.C. § 1447(c) as amended in 1988. That statute provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Borgen's argument challenges the long-standing rule that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction

---

[1] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-92 (1938).

[2] *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)).

[3] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citations omitted).

[4] *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)) (punitive damages count toward the amount in controversy in a civil action).

[5] *See* complaint, p. 7, attached at doc. 3.

[6] *Gibson*, 261 F.3d at 943 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).

once it has attached."[7] He insists Congress abrogated that rule when it amended Section 1447(c) in 1988, but the court will not lend that construction to the amended statute. Instead, the court will follow every circuit court to address the question Borgen presents and conclude the amended Section 1447(c) did not void the rule against post-removal events depriving district courts of diversity jurisdiction.[8]

Because diversity jurisdiction exists, there is no need to address Borgen's arguments about federal question jurisdiction.

## IV. CONCLUSION

For the reasons set out above, the motion at docket 19 is **DENIED**.

DATED at Anchorage, Alaska, this 25th day of April, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[7] *St. Paul*, 303 U.S. at 293.

[8] *Am. Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d. 1155, 1157 (D. Or. 2002) (citing decisions by the Sixth, Seventh and Eleventh Circuits).

-3-