Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT BORGEN,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE,<br><br>        Defendant. | Case No. A05-0056 CV (JWS) |

**DECLARATION OF DOUGLAS BERRY**

I, Douglas Berry, hereby declare under penalty of perjury, that:

1. I am the Gateway Manager in Alaska for defendant, United Parcel Service ("UPS"). I have direct and personal knowledge of the facts attested to below.

2. The plaintiff in this action, Robert Borgen ("Borgen"), began working for UPS in 1985. In 1998, UPS received a report that Borgen threatened to take a gun into the workplace and "lock and load." In response, I placed Borgen on leave until the complaint could be investigated and UPS could ensure that he

Exhibit __A__
Page _1_ of _3_

was not a direct threat to the health and safety of his co-workers.

3. I am familiar with the computer tracking system that UPS uses to monitor the length of time that it takes for UPS drivers to complete their scheduled route. If a driver appears to be consistently completing his route in a shorter or longer amount of time than what is predicted by computer analysis, a UPS manager will accompany the driver on his route (known as a "ride along"). Under the collective bargaining agreement applicable to UPS drivers, employees are never disciplined because a driver completes his or her route faster or slower than the benchmark set computer analysis. During the time that Borgen was employed by UPS, Borgen was never disciplined by UPS for taking too long to complete his route.

4. On February 24, 2003, Borgen was involved in an auto accident in a UPS truck and UPS learned that the police officer who responded to the accident cited Borgen for being at fault. UPS determined that the accident was avoidable, informed Borgen that it had made this determination, and immediately issued Borgen a warning letter the same day. Whenever a driver is involved in an accident, UPS fills out an "Auto Accident Prevention Form." A true and correct copy of the form filled out in response to Borgen's February 24, 2003 accident is attached as Exhibit G. This form has a space where UPS determines whether or not the accident was "avoidable" or "unavoidable." Whenever a driver is cited by the police for contributing to a traffic accident, UPS almost always classifies an accident as "avoidable."

5. UPS has a policy where if a driver was involved in a traffic accident in a UPS vehicle, regardless of who was at fault, a UPS manager does a "ride

Exhibit A
Page 2 of 3

DECLARATION OF DOUGLAS BERRY   - 2 -   [00895-1012-000000/AA061240.013.DOC]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

along" with the employee. UPS attempts to enforce this policy without exception. The purpose of this "ride along" is to ensure that drivers are driving safely. Pursuant to this policy, UPS performed a post-accident "ride along" with Borgen on February 26, 2003. A true and correct copy of the form used to evaluate Borgen on this ride along is attached as Exhibit F.

    6.    February 27, 2003 was the last day that Borgen worked for UPS.

    7.    UPS drivers are unionized. Drivers in Alaska are covered by multiple collective bargaining agreements. UPS drivers throughout the nation are covered by what is called the "National Master United Parcel Service Agreement." A true and correct copy of portions of the agreement in effect between August 1, 2002 and July 31, 2008 are attached hereto as Exhibit D. In addition to the national collective bargaining agreement, UPS drivers in the western United States (including Alaska) are entitled to the additional protections of the Western Conference Agreement. Attached to this declaration as Exhibit C is a true and correct copy of portions of the Western Conference Agreement. There are also additional protections in another collective bargaining agreement for drivers in Alaska. All three collective bargaining agreements are printed in a single booklet and distributed to employees.

DATED: 5/5/06

_____
Douglas Berry

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Exhibit A
Page 3 of 3

DECLARATION OF DOUGLAS BERRY     - 3 -     [00895-1012-000000/AA061240.013.DOC]