Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

ROBERT BORGEN,

          Plaintiff,

v.

UNITED PARCEL SERVICE,

          Defendant.

Case No. 3:05-cv-0056-jws

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES
## AGAINST PLAINTIFF'S ATTORNEY

COMES NOW defendant, United Parcel Service ("UPS"), by and through its attorneys, Perkins Coie LLP, and moves for an award of attorneys' fees to be assessed against plaintiff's attorney. Attorney fees may be assessed against an attorney under 28 U.S.C. §1927 and the inherent authority of the court to govern its own proceedings.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was brought by plaintiff Robert Borgen against UPS, his former employer, alleging harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Alaska and United States Constitutions, the Americans with Disabilities Act (ADA), and the Alaska Human Rights Act. Complaint, pp. 5-7. Plaintiff also asserted a common law claim for intentional infliction of emotional distress. Complaint, p. 6. The lawsuit was filed in state court, but removed to this Court by the defendant.

After removal, UPS first moved to dismiss plaintiff's federal discrimination in employment claims under the Americans with Disabilities Act, the ADEA, and Title VII, on the grounds that plaintiff had not met the jurisdictional prerequisite for filing these claims, i.e., filing a charge of discrimination with the Equal Employment Opportunity Commission prior to filing suit. *See* Defendant's Motion and Memorandum in Support of Motion for Partial Summary Judgment. UPS also moved to dismiss the constitutional claims because it was not a state actor, and the workers' compensation claim because plaintiff's claim was barred by the exclusive remedy provision of the Alaska Workers' Compensation Act. *Id.*

Plaintiff's counsel failed to file a timely opposition to the motion, so this Court granted defendant's initial motion on August 9, 2005. August 9, 2005 Order. On August 10, after the claims had already been dismissed, plaintiff filed a partial opposition to defendant's motion without making any request for leave to

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

file his motion out of time. *See* Plaintiff's Partial Opposition to Defendant's Motion for Partial Summary Judgment. Plaintiff then subsequently filed a motion for relief from the Court's order granting partial summary judgment to UPS. *See* Plaintiff's Motion for Relief. The Court, by Order dated August 25, 2005, requested the defendant to respond to plaintiff's motion. Based on that response, the Court then denied plaintiff's motion for reconsideration by Order dated September 22, 2005.

On February 10, 2006, plaintiff filed a motion for remand arguing that the Court no longer had jurisdiction because the federal claims had been dismissed, and diversity jurisdiction no longer existed because his damages no longer exceeded $75,000. *See* Motion for Remand. After briefing, the Court denied that motion on the basis of the long-standing rule that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab*, 303 U.S. 283, 293 (1938). Order dated April 25, 2006.

Defendant subsequently filed a motion for summary judgment on the remaining state-law claims of race discrimination, age discrimination, and disability discrimination under the Alaska Human Rights Act, AS 18.80.220. (Plaintiff claimed that he was discriminated against on the basis of his race even though he is Caucasian and his supervisors and most of his coworkers were Caucasian.) *See* Defendant's Motion for Summary Judgment. Plaintiff's counsel did not file an opposition to the motion, and it was subsequently granted by Order

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

of this Court dated July 31, 2006.

Defendant would further note that plaintiff's counsel violated this Court's Scheduling and Planning Order dated May 26, 2005, in that he failed to provide any initial disclosures to defendant at any time. Moreover, plaintiff never filed a witness list as required by the Scheduling Order, nor did he take any discovery. Plaintiff's counsel did not request to depose any witness, submit any written interrogatories or requests for admission, or engage in any other discovery on behalf of his client.

Filed herewith is an Affidavit of counsel for defendant, showing that UPS has incurred a total of $23,693.95 in fees in its defense of this case. Defendant requests that fees in this amount be awarded against plaintiff's counsel.

## ARGUMENT

Attorney fees may be assessed against an attorney under 28 U.S.C. §1927 for unreasonably multiplying the proceedings. Also, the Court has inherent authority to award fees against an attorney to sanction bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991) (recognizing courts' inherent power to impose sanctions for bad faith conduct).

**A.    Plaintiff's Counsel Violated 28 U.S.C. §1927 by Prolonging Litigation With Claims That Were Meritless.**

An award of attorneys' fees against plaintiff's counsel is authorized under 28 U.S.C. §1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

expenses, and attorneys' fees reasonably incurred because of such conduct.

For a court to award fees and costs pursuant to 28 U.S.C. § 1927, the court must find that counsel (1) multiplied the proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) did so either recklessly or in bad faith. *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Case law has focused on the requirement that an "attorney's conduct be in bad faith." *Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1185 (9th Cir. 1988) ("A prerequisite to the imposition of section 1927 sanctions is that the attorney's conduct be in bad faith.") This requirement is satisfied either by the *reckless pursuit of a frivolous argument* or the pursuit of a meritorious claim for the purpose of harassing an opponent. *Id*. at 1185-86, *quoting Estate of Blas*, 792 F.2d at 860 ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."). The Ninth Circuit clarified this standard in *In re Keegan Management Co. Securities Litigation*:

> For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned.

78 F.3d 431, 436 (9th Cir. 1996).

The Ninth Circuit applied these factors in *West Coast Theater Corp. v. City of Portland*, and awarded fees against counsel for prosecuting a case irresponsibly.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

897 F.2d 1519, 1528 (9th Cir. 1990). There, counsel filed untimely motions, failed to appear at a number of scheduled hearings, failed to seek discovery, and failed to correctly serve a complaint. *Id.* at 1523. Sanctions were awarded in favor of the defendant under 28 U.S.C. §1927. *Id.* at 1528.

Similarly, here plaintiff's counsel asserted federal claims under the ADA, ADEA and Title VII, even though minimal research would have revealed that his client's administrative complaints were not timely filed. In addition, plaintiff's counsel alleged violations of the state and federal constitutions, even though defendant UPS is not a state actor. Again, minimal research would have shown that UPS could not be sued for violation of constitutional provisions.

Moreover, plaintiff's counsel did not pursue plaintiff's claims, as one would expect if the claims had merit. He did not make any of the required initial disclosures or provide the required witness list, nor did he engage in any discovery to support his client's claims. He did not file a timely opposition to defendant's initial motion to dismiss the federal claims. He filed a patently frivolous motion to remand to state court. Finally, he did not respond at all when the defendant moved for summary judgment on the remaining state law claims.

Plaintiff's counsel should be sanctioned under 28 U.S.C. §1927 for his bad faith conduct in continuing to pursue claims which so obviously lacked merit, that he made no effort to support them through the discovery process.

**B.      The Bad Faith Conduct of Plaintiff's Attorney Should be Sanctioned Under the Court's Inherent Power to Award Attorneys' Fees Against an Attorney.**

In addition to the statutory authority discussed above, "a district court has

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION FOR ATTORNEYS' FEES
*Borgen v. UPS*
Case No. 3:05-cv-0056-jws                    - 6 -                    [00895-1012/AA062230.002]

the inherent power to impose sanctions on counsel who 'willfully abuse[s] judicial processes.'" *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983), *quoting Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S. Ct. 2455, 2464, 65 L. Ed.2d 488 (1980); *see also Chambers*, 501 U.S. 32 (recognizing courts' inherent power to impose sanctions for bad faith conduct); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Deve., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices."); *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("Courts are endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction.") The Supreme Court has "recognized the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc.*, 447 U.S. at 765.

Sanctions "imposed under the court's inherent power require a finding that counsel's conduct 'constituted or was tantamount to bad faith[.]'" *Blodgett*, 709 F.2d at 610, *quoting Roadway Express, Inc.*, 447 U.S. at 767; *see also Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001) (discussing sanctions under court's inherent power). This inherent authority may be used where there is clear evidence that (1) the offending party's claims were entirely without color; and (2)

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION FOR ATTORNEYS' FEES
*Borgen v. UPS*
Case No. 3:05-cv-0056-jws                    - 7 -                    [00895-1012/AA062230.002]

the claims were brought in bad faith – that is, "motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2nd Cir. 1999); *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259 (E.D.N.Y. 1997) (District Court may, under its inherent power to supervise and control its own proceedings, impose costs and attorney fees against attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *In re Candor Diamond Corp.*, 76 B.R. 342 (Bkrtcy. S.D.N.Y. 1987) (recognizing court's inherent power to supervise and control its own proceedings, to award reasonable attorney fees to prevailing party when losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, and award may be granted against losing party or against attorney).

Here, as discussed above, plaintiff's counsel asserted meritless claims. A minimal amount of effort by plaintiff's counsel would have revealed that plaintiff's claims were not actionable as a matter of law. Sanctions are warranted where "actions are so completely without merit as to require the conclusion that they must have been undertaken for an improper purpose." *Terrebonne, Ltd. of Cal. v. Murray*, 1 F. Supp.2d 1050, 1055 (E.D. Cal. 1998).

The argument that plaintiff's counsel did not view these claims as having merit is further strengthened by his lack of effort in investigating the claims. Plaintiff's counsel did not pursue any discovery or make any of the required discovery disclosures. In addition, plaintiff's counsel failed to file timely responses to the merits of UPS's defense motions, and in one instance, filed nothing at all in response.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

For the foregoing reasons, UPS requests that the Court grant its request for an award of attorneys' fees against plaintiff's counsel.

DATED at Anchorage, Alaska, this 24th day of August, 2006.

PERKINS COIE LLP
Attorneys for Defendants


By s/Thomas M. Daniel
    Thomas M. Daniel
    Alaska Bar No. 8601003
    1029 West Third Ave., Suite 300
    Anchorage, Alaska  99501
    907/279-8561/907-276-3108 (fax)
    tdaniel@perkinscoie.com


I hereby certify that a true and correct copy of the foregoing will be served on Dennis Acker by MAIL on August 24, 2006.

s/Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108