**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **ROBERT BORGEN,** ) | |
| ) | |
| **Plaintiff,** ) | **3:05-cv-00056 JWS** |
| ) | |
| **vs.** ) | **ORDER FROM CHAMBERS** |
| ) | |
| **UNITED POSTAL SERVICE,** ) | **[Re:   Motion at docket 39]** |
| ) | |
| **Defendant.** ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 39, defendant moves pursuant to 28 U.S.C. § 1927 for an order requiring plaintiff's lawyer, Dennis R. Acker, to pay defendant the sum of $23,693.95. The motion was filed August 24, 2006, and no opposition has been filed.

## II.  BACKGROUND

Plaintiff Borgen was once employed by defendant United Postal Service ("UPS"). In February 2005, Borgen filed a lawsuit against UPS in state court.  Borgen's claims were based on alleged harassment and discrimination.  His complaint included federal law claims based on Title VII, the Americans with Disabilities Act ("ADA"), and constitutional violations.  The complaint also included various state law claims.  In March 2005, defendant removed the case to this court.  Motion practice eventually

resulted in the dismissal of all Borgen's claims.  The procedural history is succinctly and accurately laid out in the pending motion and need not be repeated here.[1]

## III.  STANDARD OF REVIEW

Congress has recognized that there are situations in which a lawyer may so unreasonably drive up the costs of litigation that the lawyer may be tasked to pay the costs his behavior has forced upon his client's adversary.  The pertinent statute provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[2]

For a court to impose sanctions against an attorney under the statute, the attorney's conduct must be undertaken in subjective bad faith.[3]  The knowing or reckless pursuit of a frivolous claim constitutes subjective bad faith and supports the award of sanctions.[4]  However, the reckless pursuit of a non-frivolous claim will not ordinarily support an award of sanctions.[5]

## IV.  DISCUSSION

The conduct by plaintiff's counsel in this case was remarkably reckless and undertaken in support of claims that were frivolous.  In particular, plaintiff's counsel pled claims under the ADA and Title VII which he knew or easily could have ascertained could not be pursued.  Furthermore, he attempted to state claims for the violation of

---

[1]Doc. 39 at pp. 2-4.

[2]28 U.S.C. § 1927.

[3]*In Re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996).

[4]*Id.*

[5]*Id.*

constitutional provisions as if UPS were a state actor. Yet, there was utterly nothing to support the proposition that it was. Plaintiff's lawyer should have known that such claims were frivolous.

With respect to Borgen's state law claims, there is no doubt that his lawyer acted recklessly. The fact that he did not even attempt to oppose defendant's motion for summary judgment establishes the paucity of effort he put into understanding the state law claims. While the court found that the state law claims lacked merit, the court has not yet, and does not now, conclude that all of the state law claims were literally frivolous.

The amount of attorney's fees requested is well documented and amply supported by the affidavit and attached information filed in support of the motion.[6] The court has reviewed the material supporting the request for an award of $23,693.95 and finds the hourly rates and the number of hours worked to be reasonable. Were the court able to say with confidence that all of the state law claims were frivolous, an award of the full amount requested would be warranted. However, as noted above, the court is unable to conclude that all of the state law claims were frivolous–as distinct from meritless. Under these circumstances, with due regard to the fact that so many of Borgen's claims were frivolous, but also recognizing that the state law claims were responsible for some of the costs incurred, the court concludes that an award of $17,500 is warranted and well supported. Admittedly, there is room to argue for a larger award, but in the exercise of this court's discretion, an award of $17,500 is deemed sufficient to reasonably compensate UPS for such of Mr. Acker's conduct as unreasonably and vexatiously multiplied the proceedings in this court.[7]

---

[6]Doc. 40.

[7]Defendant also asked the court to award fees pursuant to its inherent power to sanction lawyers for bad faith conduct. Under the circumstances here, it is appropriate to proceed under 28 U.S.C. § 1927 which is directly in point. This renders it unnecessary to consider application of the court's inherent authority to impose sanctions.

## V.  CONCLUSION

For the reasons above, the motion at docket 39 is **GRANTED** as follows: defendant United Parcel Service shall have judgment against Dennis R. Acker for the sum of $17,500.  The Clerk shall enter judgment accordingly.

DATED at Anchorage, Alaska, this 31st day of October 2006.


_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE